IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3127 |
| | ) | |
| v. | ) | |
| | ) | |
| TAM H. PHAM, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

    Tam H. Pham (Pham), who did not appeal his conviction or sentence, timely filed a Motion to Vacate, Set-Aside, or Correct Sentence Pursuant to Title 28 United States Code, Section 2255 (filing no. 68) and a brief (filing no. 69) in support of that motion. Following initial review,[1] the motion will be denied and this matter will be dismissed with prejudice because the record plainly establishes that Pham is not entitled to relief.

    Pham was charged in a three count information with a conspiracy to distribute methamphetamine and forfeiture of $1,410 and $50,000 respectively. With the assistance of Robert B. Creager, an experienced and extremely able criminal defense

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

lawyer, Pham negotiated and entered into a plea agreement (filing no. 46) with the government.

Among other things, Pham agreed to plead guilty to the conspiracy offense, he agreed to cooperate with the government, he agreed to suffer the charged forfeitures, he agreed to make restitution to law enforcement in the sum of $5,250 to reimburse the police for the "buy money" they had expended in catching Pham, and Pham stipulated that he was responsible for at least 5 kilograms but less than 15 kilograms of methamphetamine. He also waived his right to seek relief under section 2255 with certain exceptions. The most pertinent exception being that Pham could seek post-conviction relief on the basis of ineffective assistance of counsel or prosecutorial misconduct.

Among many other things, the government agreed that "[n]othing which the Defendant says pursuant to this agreement may be used against the Defendant, so long as the Defendant abides by all of the terms of this agreement." (Filing no. 46 at CM/ECF p. 4 ¶ 5.) *See also* U.S.S.G. § 1B1.8 (generally providing that self-incrimination information obtained under a cooperation agreement is not to be used to determine the defendant's guideline range).

Pham entered a guilty plea, the plea and plea agreement were accepted, and he was sentenced (after application of the safety-valve) to 108 months in prison. Also, supervised relief was imposed, forfeiture of the currency specified in the information was ordered, and restitution was required. (E.g., filing no. 62 (judgment) and filing no. 63 (statement of reasons).) Pham received the low-end of the advisory Guidelines range.

Pham then filed this § 2255 action. He claims that his "attorney failed to have the government exclude drug quantity that he told the government about during a debriefing meeting . . . ." (Filing no. 69 at CM/ECF p. 2.) I reject this claim, for

among other reasons,[2] because the record establishes that the drug quantity determination used at sentencing was made independently of the defendant's statements as shown by a federal probation officer's presentence investigation report (PSR). (Filing No. 60, PSR ¶¶ 21-31, 35-36.)

In particular, the probation officer made the following independent investigation that established beyond question that the drug quantity attributed to Pham for sentencing purposes was not based on his protected statements:

> 35. The probation officer reviewed offense reports from the Lincoln Police Department in reference to the instant offense; based on this information, this officer has determined the defendant is responsible for the sales of methamphetamine as detailed in the prosecution's version of the offense. The combination of these sales, which occurred from May 2006 to September 2008, results in a weight of 6.1 kilograms of methamphetamine [one pound to Paul Moats; six ounces to Duc Vu; 5.3 kilograms to Donald Hales; 156 grams to the CI[3]].
>
> 36. Regarding the forfeiture in Count III of the Information, the defendant has agreed to provide a cashier's check in the amount of $50,000 to the United States Marshals Service and to deliver same on the date of his entry of the guilty plea. The $50,000 was not money which was actually found on the defendant's person or in his home; however, according to the government, "the $50,000 was a minimum estimate of the amount of

---

[2]There is an interesting question about whether the stipulation in the plea agreement providing that Pham was responsible for more than 5 kilos but less than 15 kilos of methamphetamine waives any such argument. But that question need not be answered in this case.

[3]Moats, Duc Vu, and Hales, together with a CI who made five separate controlled buys from Pham, were cooperating with the government and they provided specific information to the government about Pham's extensive drug dealing activities. That information was set out in significant detail in the presentence report. (PSR ¶¶ 21-31.)

sales made by Pham during the course of his involvement, as calculated by Steve Niemeyer in the Lincoln Police Department Narcotics Unit." Furthermore, "the restitution is for money expended by LPD in making the various buys from Pham." The defendant agreed the $50,000 represents proceeds from the conspiracy alleged in Count I of the Information. In order to avoid double-counting, the $50,000 will not be converted into a methamphetamine equivalent and/or included in the total drug weight for which the defendant is responsible, nor will the $1,410 found at his business on September 19, 2009. Ultimately, the probation officer agrees that the defendant can accurately be held accountable for more than 5 kilograms but less than 15 kilograms of methamphetamine.

There were no objections to the presentence report and there were no objections to my written notice (filing no. 55 (tentative findings)) that I intended to adopt the presentence report unless an objection was lodged. At sentencing, I specifically confirmed that defense counsel had discussed the presentence report with Pham. (Filing no. 58 (audio file at counter number 00.42-48).) When given his right to speak at sentencing, Pham made no objection to the drug quantity determination.

The record makes clear that neither Pham's lawyer nor the prosecutor permitted or caused Pham's protected statements to be used against him. In short, Pham's claim is wholly without merit.

IT IS ORDERED that Pham's Motion to Vacate, Set-Aside, or Correct Sentence Pursuant to Title 28 United States Code, Section 2255 (filing no. 68) is denied and dismissed with prejudice. A separate judgment will be entered.

DATED this 18th day of February, 2011.

BY THE COURT:<br>
*Richard G. Kopf*<br>
United States District Judge